UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**MARIO JAVIER CORDOBA**
    Plaintiff,
v.

**CITY OF MIAMI,**
**MIAMI OFFICER REYNALDO IRIAS,**
**AND MIAMI OFFICER YESID ORTIZ,**
    Defendants.
_____/

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages on behalf of Mario Javier Cordoba whose constitutional rights were violated when he was falsely arrested.

2. This action for damages is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, and Fifth Amendments to the United States Constitution, and the laws of the State of Florida, against the City of Miami and Reynoldo Irias and Yesid Ortiz, the individual City of Miami police officers who falsely arrested Plaintiff Mario Cordoba.

### JURISDICTION AND VENUE

3. This action arises under the constitution and laws of the United States, particularly the First, Fourth and Fifth Amendments to the United States Constitution.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in this district because it is where the events complained of occurred.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.

## PARTIES

7. Plaintiff Cordoba ("Mr. Cordoba") was at all times relevant to this complaint a citizen of the United States and a resident of Miami, Florida.  Mr. Cordoba is forty-two year old disabled veteran of the United States Marines having served in the Gulf War.

8. On or about November 25, 2013, Plaintiff Cordoba underwent a lumbar spinal fusion surgery for an injury sustained while serving in the military.

9. Defendant City of Miami ("City") is a municipality of the State of Florida and is organized pursuant to the laws of Florida.

10. Defendant Miami Police Officers Reynoldo Irias ("Irias") and Yesid Ortiz ("Ortiz"), were at all times relevant to this complaint duly appointed and acting as police officers of the City of Miami Police Department.

11. At all material times, Defendants Irias and Ortiz were acting under color of state law and color of their authority as police officers. At all times, Defendants Irias and Ortiz were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights, as more particularized herein.

## STATEMENT OF FACTS

12. On July 22, 2015, at approximately 7:00 p.m., Plaintiff Cordoba was standing on the sidewalk on the 500 block of Southwest 7th Street in front of the apartment building where he

resides when he observed one of the Defendant police officers stop his police car in front of a man selling fruit across the street from where the Plaintiff was standing. Shortly thereafter, the second Defendant police officer parked his car behind the first officer's car.

13. Mr. Cordoba stood across the street on the sidewalk holding his cell phone while watching the officers exit their vehicles to speak with the fruit vendor.

14. The police officers noticed Mr. Cordoba watching the officers as they spoke to the fruit vendor. Both officers then walked across the street to Mr. Cordoba and began questioning him about whether Mr. Cordoba had been recording the police officers' encounter with the fruit vender.

15. At that point Mr. Cordoba had not been recording the officers. But as the two officers began asking Mr. Cordoba questions, he started to record the conversation with the Defendant officers. One of the officers asked Mr. Cordoba, "[w]hat is the issue with the recording?" Mr. Cordoba explained that he did not have to answer questions pursuant to the Fifth Amendment. The officers continued questioning Mr. Cordoba as he asserted his right not to answer their questions.

16. One of the Defendant police officers then took the phone away from Mr. Cordoba without his consent.

17. Without any warning to Mr. Cordoba, one of the officers took hold of Mr. Cordoba's right arm while the other officer grabbed his left arm. They forced Mr. Cordoba around and pulled his arms behind his back to handcuff him. The force used by Defendants Irias and Ortiz to turn Mr. Cordoba around caused Mr. Cordoba to twist his back resulting in severe pain.

18. The officers arrested Mr. Cordoba, charged him with resisting and obstructing the Defendant officers, and took him to jail.

19. As a result of this arrest by Defendants Irias and Ortiz, Mr. Cordoba was prosecuted in the County Court of the Eleventh Judicial Circuit, in Miami, Florida, for resisting, obstructing or opposing the Defendant officers in the execution of their duties.

20. On October 7, 2015, the charges against Mr. Cordoba were dismissed by the Miami Dade County Judge.

21. As a direct and proximate cause of the acts of the Defendant officers, including the violation of the Plaintiff's constitutional rights under the First, Fourth, and Fifth Amendments, Mr. Cordoba suffered injuries and damages.

## COUNT I

**(42 U.S.C. §1983 Fourth Amendment Violation against Defendants for False Arrest)**

22. Plaintiff Cordoba re-alleges paragraphs one through twenty-one and incorporates them by reference herein.

23. While Defendants Irias and Ortiz were acting under color of law as police officers for the City of Miami, they subjected Plaintiff Cordoba to the deprivation of rights secured to him under the Fourth Amendment to the United States Constitution by restraining him and confining him to jail.

24. Defendants Irias and Ortiz unlawfully and without probable cause arrested Mr. Cordoba. The Defendant officers also seized his phone without probable cause.

25. The conduct of Defendants Irias and Ortiz violated the Plaintiff's clearly established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth Amendment to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

26. As a direct and proximate cause of the acts of Defendant Miami Police Officers Irias and Ortiz, the Plaintiff suffered damages which included loss of liberty and freedom; bodily injury and resulting pain and suffering; physical discomfort; mental anguish and suffering; aggravation of a previously existing condition; embarrassment; and humiliation.

## COUNT II

**(42 U.S.C. §1983 First Amendment and Fifth Amendment Retaliation Claim against Defendants Irias and Ortiz )**

27. Plaintiff re-alleges paragraphs one through twenty-one and incorporates them by reference herein.

28. While Defendants Irias and Ortiz were acting under color of law as police officers for the City of Miami, they subjected Mr. Cordoba to the deprivation of rights secured to him under the First and Fifth Amendment to the United States Constitution.

29. Defendants Irias and Ortiz unlawfully and without probable cause arrested Mr. Cordoba in retaliation for Plaintiff's lawful exercise of his rights under the First Amendment in recording the encounter with law enforcement and his Fifth Amendment right to remain silent.

30. The conduct of Defendants Irias and Ortiz violated Plaintiff Cordoba's clearly established rights under the First Amendment and the Fifth Amendment to the Constitution of the United States for which 42 U.S.C. § 1983 provides a remedy.

31. As a direct and proximate cause of the acts of Defendant Miami Police Officers Irias and Ortiz, the Plaintiff suffered damages which included loss of liberty and freedom; bodily injury and resulting pain and suffering; physical discomfort; mental anguish and suffering; aggravation of a previously existing condition; embarrassment; and humiliation.

## COUNT III

**(42 U.S.C. §1983 Fourth Amendment Violation against Defendants Irias and Ortiz for Malicious Prosecution)**

32. Plaintiff re-alleges paragraphs one through twenty-one and incorporates them by reference herein.

33. While Defendants Irias and Ortiz were acting under color of law as police officers for the City of Miami, they subjected Plaintiff Cordoba to the deprivation of rights secured to him under the Fourth Amendment to the United States Constitution.

34. Defendants Irias and Ortiz arrested Plaintiff Cordoba without probable cause.

35. As result of such arrest, a formal criminal prosecution was commenced and continued against Mr. Cordoba in the County Court of Miami Dade County, Florida.

36. All charges against Plaintiff Cordoba were ultimately dismissed.

37. The conduct of Defendants Irias and Ortiz violated Plaintiff Cordoba's clearly established right to be free from an unreasonable seizure as guaranteed by the Fourth

Amendment to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy. As a result of the actions of Defendants Irias and Ortiz, Plaintiff. Cordoba suffered damages.

## COUNT IV

**(42 U.S.C. § 1983 Fourth Amendment violation against Defendants Irias and Ortiz for excessive force.)**

38. Plaintiff Cordoba repeats and realleges paragraphs one through twenty-one and incorporates them by reference herein.

39. This cause of action is brought by Plaintiff Cordoba against Defendants Irias and Ortiz for the excessive use of force under color of law that deprived Mr. Cordoba of his rights under the Fourth Amendment to the United States Constitution.

40. Without legal cause or justification, Defendants Irias and Ortiz employed physical force that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution.

50. As a direct and proximate cause of the acts of Defendant Miami Police Officers Irias and Ortiz, Plaintiff suffered damages which included loss of liberty and freedom; bodily injury and resulting pain and suffering; physical discomfort; mental anguish and suffering; aggravation of a previously existing condition; embarrassment; and humiliation.

## COUNT V

**(State Tort of False Arrest against Defendant City of Miami)**

51.     Plaintiff Cordoba re-allege paragraphs one through twenty-one and incorporates them by reference herein.

52.     This is a cause of action for damages in excess of the jurisdictional amount exclusive of costs and attorney's fees.

53.     On July 22, 2015, Plaintiff Cordoba was arrested by Defendants Irias and Ortiz, both of whom were acting in the course and scope of their duties as a police officers.

54.     Defendants Irias and Ortiz, while acting as police officers of Defendant City of Miami, caused Plaintiff Cordoba to be deprived of his freedom and liberty and restrained him in his movements both at the scene of the arrest and continuing with his confinement at the jail.

55.     The restraint and arrest of Plaintiff Cordoba was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

56.     As a direct and proximate cause of the acts of Defendant Miami Police Officers Irias and Ortiz, the Plaintiff suffered damages which included loss of liberty and freedom; bodily injury and resulting pain and suffering; physical discomfort; mental anguish and suffering; aggravation of a previously existing condition; embarrassment; and humiliation.

57.     Pursuant to 768.28, Florida Statutes, Plaintiff notified Defendant City of Miami of this claim prior to filing this action and said claim was not resolved.

## COUNT VI

**(State Tort of Battery against Defendant City of Miami)**

58.     Plaintiff Cordoba re-allege paragraphs one through twenty-one and incorporates them by reference herein.

59. This is a cause of action for damages in excess of fifteen thousand dollars, exclusive of costs and attorney's fees.

60. Defendant City of Miami is responsible for the conduct of the police officers in its employ.

61. On July 22, 2015, both Defendant City of Miami Police Officers while acting in the course and scope of their duties as a police officer did unreasonably batter Plaintiff Cordoba. Such unlawful contact occurred without the consent and against the will of Plaintiff Cordoba.

62. As a direct and proximate cause of the acts of Defendant Miami Police Officers Irias and Ortiz, the Plaintiff suffered damages which included loss of liberty and freedom; bodily injury and resulting pain and suffering; physical discomfort; mental anguish and suffering; aggravation of a previously existing condition; embarrassment; and humiliation.

63. Pursuant to 768.28, Florida Statutes, Plaintiff notified Defendant City of Miami of this claim prior to filing this action and said claim was not resolved.

## DEMAND FOR JURY TRIAL

Plaintiff Mario Javier Cordoba hereby demands a jury trial as to all issues triable by a jury.

WHEREFORE, Plaintiff respectfully requests this Court to award:

A. Reasonable and appropriate compensatory damages.

B. Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

C. Such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

s/ Ken Swartz
_____

Ken Swartz
FL Bar No.: 331929

THE SWARTZ LAW FIRM
Attorney for Plaintiff Mario Javiar Cordoba
14 N.E. First Avenue, Suite 1211
Miami, Florida 33132
Tel (305) 579-9090
Fax: (305) 579-9090
ken@swartzlawyer.com